By the Court. Bosworth, J.
The property in question, and other property, was bought by Ryckman on the 12th of May, 1853, at an auction sale of the household furniture of Hudson, which took place at the residence of the latter, in New York city. The aggregate amount of Ryckman’s purchases was about $2,000. This was paid, and all the property was delivered at the time, except that in question.
In November, 1853, Ryckman assigned all his property to the plaintiffs for the benefit of creditors.
On the 25th of May, 1853, Hudson, having the actual possession of the property in question, sold it to Charles Gould, and the latter sold it to defendant, in June, 1853. Gould and the defendant were, severally, bona fide purchasers for value.
The plaintiffs, finding the property in the possession of the defendant, made a demand on the 9th of September, 1854, for a delivery of it, and that being refused, they brought this action to recover its value.
The defendant insists, that the sale to Ryckman was fraudulent and void, as against himself and Gould as subsequent purchasers.
That was the question to be determined at the trial. The jury have found that the sale was made in good' faith,, and without any intent to defraud creditors.
There is no ground, upon the evidence, for pretending, that either Ryckman, Gould, or the defendant, was not a purchaser for value, believing that he acquired title, nor that either did not buy intending to take, and retain possession, as such purchaser.
The sale to Ryckman was by one having authority to make it, and as between the former and Hudson, passed the title. If this property had been removed by Ryckman, with that bought at the same time, no question like that now presented could have arisen.
Ryckman, designing to place the property in a public house, which he was erecting at Cooperstown, obtained permission of Hudson to let it remain in his houfee between two and three weeks. Within that time, he called for the property, and Hudson said he was busy, and could npt have the billiard-table taken down then.
This property, never having been delivered to Ryckman, the statute makes the fact, that there was not an immediate delivery *225 followed by an actual and continued change of possession, unless such an explanation of it, as the statute prescribes, is given, conclusive evidence, that it was fraudulent and void, as against the defendant.
This threw on the plaintiff the burden of proving, that the sale was made in good faith, and without any intent to defraud the creditors of Hudson, or persons subsequently purchasing from him.
The plaintiffs gave evidence, tending to establish that the sale was so made, and that all reasonable efforts were made, within two weeks after the sale, to obtain possession of the property, with a view to remove it to Cooperstown. The sale was not absolutely fraudulent and void as to subsequent purchasers, because the property was not immediately removed.
The reasons why an immediate delivery and removal of the property was not had, were to be weighed by the jury, in determining the questions which they were to decide.
The court instructed the jury, that the sale was presumptively fraudulent; that the burden of proof was cast upon the plaintiff, to show affirmatively, that the sale was made in good faith, and without any intent to defraud creditors, or subsequent purchasers. That if they found these facts in favor of the plaintiffs,they were entitled to a verdict.
We think this charge presented to the jury the true questions to be determined by them.
The first request to charge, made by the defendant, the Judge properly disregarded.
There is nothing in the evidence given laying a foundation for such an instruction to the jury. If the billiard-table had been left in the possession of a vendor, who was engaged in the business of selling such articles, and at the place where his business was transacted, and the defendant, or Gould, had purchased it there, the instruction asked might have been a proper one. But the acts or omissions of Ryckman, in not immediately removing, and retaining an actual and continued change of the possession of the property, no more enabled Hudson to commit a fraud on third persons, than lending the same property to him would have done.
Allowing a person to have actual possession of chattels, unless there is some other fact connected with it, is not an act which holds him out to the public as owner, or as authorized to sell it as *226 his own. The doctrine of caveat emptor, as to any title the purchaser may acquire, applies. The mere fact that it was bought from one in possession of it, does not preclude the true owner from asserting his title.
These views, if correct, show that the Judge at the trial did not err in refusing to charge in the terms of the second request.
There is no ground for pretending that Ryckman permitted Hudson to have the apparent right of disposing of the property, unless naked possession created, apparently, such a right.
All that the Judge could properly be required to say, with respect to the matter of such request, was covered by the propositions which he submitted to the jury.
It is not necessary to say any thing further, by way of illustrating the proposition, that it was not erroneous to refuse to charge in the terms of the third request.
The action was submitted to the jury, under proper instructions from the Judge, and the order denying a motion for a new trial must be affirmed.